IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAM BSHARA,

                Plaintiff,

    v.                                   CASE NO. 09-3260-RDR

FEDERAL BUREAU OF PRISONS, et al.,

                Defendants.

**O R D E R**

Plaintiff initiated this action with a pro se pleading seeking a preliminary injunction. By an order dated January 14, 2010, the court liberally construed the pleading as seeking non-habeas relief under 28 U.S.C. § 1331. The court granted plaintiff provisional leave to proceed in forma pauperis under 28 U.S.C. § 1915, subject to plaintiff's timely submission of a form complaint and an executed form motion for seeking leave to proceed in forma pauperis without prepayment of the $350.00 district court filing fee.

*Motion for Leave to Proceed In Forma Pauperis*

Because plaintiff is a prisoner, he must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1) (prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records, the court finds the average monthly deposit to plaintiff's account is $149.82 and the average monthly balance is $51.52. The court therefore assesses an initial partial filing fee of $29.50, twenty percent of plaintiff's average monthly deposit, rounded to the lower half dollar.

*Request for Injunctive Relief*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this original pleading, plaintiff claims Officer Durbin insulted and humiliated plaintiff, and offended plaintiff's Muslim religion, by making an offensive sexual comment on November 22, 2009, when plaintiff requested a food tray at the end of a ten day fast. Broadly alleging discrimination and sexual misconduct in violation of his "statutory and due process rights," plaintiff seeks a preliminary injunction for Durbin's temporary removal from the facility until plaintiff resolved this matter. In plaintiff's subsequent form complaint, he seeks Durbin's removal from food service with a written reprimand in Durbin's employment file, and seeks compensation for food he purchased to avoid facing or dealing with Durbin in the chow hall.

Significantly, plaintiff expressly states he has not exhausted administrative remedies on his claim. He states he received no response to his administrative grievance, and essentially claims further exhaustion of administrative remedies would be futile because he believed his allegations of Durbin's misconduct "would be just covered up," and plaintiff would "have been asked to drop everything."

Before filing an action in federal court concerning the conditions of his confinement, plaintiff must first exhaust available administrative remedies. Woodford v. Ngo, 548 U.S. 81 (2006); 42 U.S.C. § 1997e(a). A prisoner's exhaustion of administrative remedies is an affirmative defense, thus a prisoner is not required to plead and prove his exhaustion of administrative remedies in his complaint. Jones v. Bock, 549 U.S. 199 (2007).

In this case, plaintiff clearly acknowledges he has not exhausted administrative remedies, and essentially contends doing so should not be required because he would not prevail in pursuing administrative relief through the grievance procedure and appeals. This is insufficient to excuse plaintiff's noncompliance with § 1997e(a). However, notwithstanding plaintiff's admitted failure to exhaust administrative remedies, the court finds the complaint is subject to being summarily dismissed because the requirements for obtaining the injunctive relief being sought are not satisfied. *See* 42 U.S.C. § 1997e(c) (court is to dismiss on its own motion any action brought with respect to prison conditions if satisfied the case fails to state a claim upon which relief can be granted).

Rule 65 of the Federal Rules of Civil Procedure applies to plaintiff's request for a preliminary injunction. To obtain such

3

relief a party must establish: "(1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest." Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001)(citation omitted). Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear an unequivocal. Penn v. San Juan Hospital, 528 F.2d 1181, 1185 (10th Cir. 1975).

Here, plaintiff's allegations about Officer Durbin's conduct fail to suggest any viable cause of action in federal court, thus plaintiff cannot establish a likelihood of success on the merits of any federal claim. Nor can plaintiff establish irreparable harm in the absence of the injunctive relief being sought, especially where plaintiff failed to pursue available administrative review of the officer's alleged misconduct. The Supreme Court has recognized that officials are to be afforded deference in the management of a prison, *see e.g.* Wolff v. McDonnell, 418 U.S. 539, 566 (1974), thus allowing plaintiff to bypass the established administrative grievance procedure on his allegations would clearly do more harm to defendants than to plaintiff, and would be adverse to the public interest.

Accordingly, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief. The failure to file a timely response may result in the complaint being dismissed without prejudice, and without further prior notice to plaintiff.

4

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $29.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why this action should not be dismissed without prejudice for the reasons stated by the court.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED: This 24th day of February 2010 at Topeka, Kansas.

    s/ Richard D. Rogers
RICHARD D. ROGERS
U.S. Senior District Judge